IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TERRY WAYNE LUMSDEN,** :
:
    **Petitioner** : CIVIL NO. 1:CV-10-01411
:
**v.** : **(Judge Rambo)**
:
**WARDEN BLEDSOE,** :
:
    **Respondent** :

## M E M O R A N D U M

Petitioner Terry Wayne Lumsden ("Lumsden"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his due process protections and the "interstate agreement on detainers" were violated when a Commonwealth of Virginia detainer caused him to be ineligible for placement in a Residential Re-entry Center ("RRC"), Residential Drug Program ("RDAP") participation, or placement in a lower security facility. (Doc. 1.) For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust administrative remedies.

### I. **Background**

In August 2003, Lumsden pled guilty in the United States District Court for the District of Columbia to four counts of unlawful possession of a firearm by a person

convicted of a crime. (Doc. 1, Ex. D, Judgment; Doc. 6-2, Ex. 1, Attach. A.) He was sentenced to a term of imprisonment for 112 months followed by a 3-year term of supervision. (Doc. 6-2, Ex. 1, Attach. A.) His projected release date from the Bureau of Prisons' ("BOP") custody via good conduct time is June 4, 2014. (*Id.*)

The record indicates that Lumsden has not filed one request for administrative remedy since he has been in the BOP's custody.[1] However, on July 8, 2010, he filed the instant habeas petition. (Doc. 1.) On July 13, 2010, the court issued an order directing Respondent to show cause why habeas relief should not be granted, on or before August 3, 2010. (Doc. 4.) In his response to the instant petition, Respondent contends that Lumsden's habeas petition should be dismissed for failure to exhaust administrative remedies. (Doc. 6.) Lumsden has replied to the response. (Doc. 7.) Thus, the petition is ripe for disposition.

---

[1] Respondent has submitted the declaration of Michael S. Romano, attorney advisor assigned to USP-Lewisburg, which verifies the accuracy of any requests for administrative remedies pursued by Lumsden, and the responses thereto, while he has been incarcerated at USP-Lewisburg. (Doc. 6-2, Ex. 1.) Attached as an exhibit is the relevant SENTRY computer-generated records which indicate that no remedy data exists for Lumsden. (Doc. 6-2, Ex. 1, Attach. B.)

## II. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato,* 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. *See* 28 C.F.R. § 542.10, *et seq.*; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id*. at

3

§ 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id*. at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

As set forth above, the record reflects that since his incarceration at USP-Lewisburg, Lumsden has not filed any requests for administrative remedy relating to his security and custody classification. In the answer to the petition, Respondent contends that Lumsden has neither exhausted his administrative remedies with respect to the instant claim nor offered any excuse for not doing so. In his traverse, Lumsden does not directly address Respondent's exhaustion argument. (Doc. 7.) Rather, he simply states that he "will suffer irreparable injury if [he is] compelled to wait until an administrative petition is ruled on."[2] (*Id*.) There is nothing in the record, however, indicating that Lumsden raised his claim with any entity, namely the warden at USP-Lewisburg or BOP's Regional and Central Offices, prior to filing the instant petition. As such, the court agrees with Respondent that Lumsden has failed to exhaust his administrative remedies with respect to the instant claim. Further, Lumsden has failed

---

[2] In addition, he sets forth a new claim that the BOP has also failed to give him proper jail credits. (Doc. 7.)

4

to present any basis for excusing exhaustion in this case.  As the record clearly indicates that Lumsden has not exhausted his administrative remedies with respect to the claim presented in the instant petition, the court will dismiss without prejudice the § 2241 petition for failure to exhaust administrative remedies.

### III. <u>Conclusion</u>

Based on the foregoing determination that Lumsden has failed to exhaust his administrative remedies with respect to the claim raised in the instant petition, the petition for writ of habeas corpus (Doc. 1) will be dismissed without prejudice.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  November 5, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TERRY WAWNE LUMSDEN,** :
:
    **Petitioner** : CIVIL NO. 1:CV-10-01411
:
**v.** : **(Judge Rambo)**
:
**WARDEN BLEDSOE,** :
:
    **Respondent** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

2) The Clerk of Court is directed to **CLOSE** this case.

                                                  s/Sylvia H. Rambo
                                                United States District Judge

Dated: November 5, 2010.